## CIRCUIT COURT OF THE CITY OF RICHMOND

William Kenneth McCaffrey,
an infant, etc.

v.

Virginia Women's
Center, Inc., et al.

Case No. LM-1955-1

BY JUDGE MELVIN R. HUGHES, JR.

July 17, 2002

In this medical malpractice case involving a now four year old child who complains of injury from a forcep delivery, defendant has moved to have the plaintiff examined by a doctor who, like plaintiff's primary expert witness, is a member of the Medical College of Virginia Associated Physicians. At a hearing held on July 17, 2002, the court denied the request because (1) the proposed examination would include an interview of one or both of the parents apart from a deposition and the aid of counsel and (2) it would be inappropriate to have a doctor from the same "group" as plaintiff's doctor to testify against plaintiff.

With the ruling, defendant proposes that the same doctor conduct a record review and perhaps testify on that basis. Plaintiff objects, stating that testimony from the same witness in this way would be inappropriate as well. The court agrees.

The fact that the child has an established ongoing doctor-patient relationship with a member of MCVAP and that doctor will testify for him, as it would preclude an examination under Rule 4.10, likewise precludes testimony from another member of the group against plaintiff on a record

review. It is untoward to have physicians who are members of the same entity testifying opposite one another for parties having an adverse interest. Defendant's request for Dr. Meyer to conduct a record review is denied as well.

September 16, 2002

I have plaintiff's Motion in Limine to Prevent Defendants from Calling Treating Physicians and a Motion for Protective Order Limiting Expert Witnesses. In addition, I have the Defendants' Motion in Limine in Respect to the Testimony of Dr. Wornom, Motion in Limine to Strike the Testimony of Dr. Mansour, Alternative Motion to Limit the Testimony of Dr. Mansour, and Motion to Admit the Testimony of Drs. Ward and Leshner as Taken by Deposition.

Va. Code § 8.01-399(B) states:

Notwithstanding subsection A, when the physical and mental condition of the patient is at issue in a civil action, facts communicated to, or otherwise learned by, such practitioner in connection with such attendance, examination, or treatment shall be disclosed but only in discovery pursuant to the Rules of Court *or through testimony at the trial in action.*

(Emphasis added.)

The statute permits the defendants to call the treating physicians. However, they will be allowed to testify only on the facts and the medical record. They will not be permitted to give an expert opinion. Therefore, Plaintiff's Motion in Limine to Prevent Defendants from Calling Treating Physicians is denied, and Defendant's Motion to Admit the Testimony of Drs. Ward and Leshner as Taken by Deposition is granted.

With regard to the number of expert witnesses, each party has designated two experts to testify on the obstetrical standard of care, Dr. Larsen and Dr. Mansour for the Plaintiffs, and Dr. Willey and Dr. Greig for the Defendants, and one expert on the causation of injuries to the child, Dr. Wornom for the Plaintiffs and Dr. Lavenstein for the Defendants. Defendants have already been denied the motion to call Dr. Myers as an expert witness through the July 17, 2002, letter. Therefore, plaintiff's Motion for a Protective Order Limiting Expert Witnesses is denied.

The Virginia Board of Medicine has certified that Dr. Mansour is eligibleto apply for licensure in Virginia. Therefore, under Va. Code

§ 8.01-581.20(A), Dr. Mansour is eligible to testify as an expert in Virginia. Defendants' Motion to Strike the Testimony of Dr. Mansour is denied.

With regard to Defendants' Alternative Motion to Limit the Testimony of Dr. Mansour, this motion is granted to the extent that Dr. Mansour's testimony is cumulative to Dr. Wornom's testimony.

An expert needs to express his opinions to a reasonable degree of medical probability. Dr. Wornom has testified regarding the mandible surgery with a reasonable degree of medical certainty. As for the brachial plexus injuries, it is clear that Dr. Wornom has not testified with a reasonable degree of medical certainty. It is not clear whether his opinion is expressed with a reasonable degree of medical probability or possibility. To the extent, that Dr. Wornom's opinion is with a reasonable degree of medical probability, it will be admitted.